

# IN THE
# Court of Appeals of Indiana

Latrell Vaughn,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Jul 10 2026, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

July 10, 2026

Court of Appeals Case No.
26A-CR-306

Appeal from the St. Joseph Superior Court

The Honorable David L. Francisco, Judge

Trial Court Cause No.
71D02-2501-MR-000003

**Opinion by Judge Felix**
Chief Judge Tavitas and Judge Bradford concur.

**Felix, Judge.**

## Statement of the Case

During a firearms transaction turned robbery, Latrell Vaughn shot and killed a teenage victim. After the first jury trial on murder and other charges resulted in a mistrial, Vaughn pled guilty to robbery resulting in serious bodily injury as a Level 2 felony and admitted to a firearm enhancement. Vaughn's plea agreement contained an appeal waiver, in which Vaughn agreed to waive appellate review of his sentence. Vaughn was sentenced to 40 years, and he now appeals, raising several issues that we restate as the following issue: Whether Vaughn has waived appellate review of his sentence.

We dismiss.

## Facts and Procedural History

On January 21, 2025, the State charged Vaughn with murder; armed robbery as a Level 3 felony; and pointing a firearm as a Level 6 felony; the State further alleged Vaughn used a firearm in committing the murder. The charged offenses stemmed from a firearms transaction turned robbery during which Vaughn shot and killed a teenage victim.

Vaughn's first jury trial resulted in a mistrial. Before the case could be retried, Vaughn agreed to plead guilty to robbery resulting in serious bodily injury as a Level 2 felony and admit to the firearm enhancement. The plea agreement provided for a minimum and maximum executed sentence of 20 and 40 years,

respectively, and it contained a *Creech*[1] provision waiving Vaughn's right to appeal his sentence so long as he was sentenced within the terms of the plea agreement. The trial court sentenced Vaughn to a total of 40 years with 35 years executed and 5 years suspended—25 years for the robbery offense, with 5 of those years suspended to probation, and an enhancement of 15 years executed for Vaughn's use of a firearm. This appeal ensued.

## Discussion and Decision

### Vaughn Has Waived Appellate Review of His Sentence

Vaughn asks this court to review his sentence despite his appeal waiver. Appeal waiver provisions have been the subject of increased attention by the Indiana Supreme Court. *See Ortiz v. State*, 278 N.E.3d 1151 (Ind. 2026); *Anderson v. State*, 269 N.E.3d 817 (Ind. 2025); *Davis v. State*, 217 N.E.3d 1229 (Ind. 2023). The court has consistently "reaffirmed 'the validity'" of such provisions, *Ortiz*, 278 N.E.3d at 1156 (quoting *Anderson*, 269 N.E.3d at 821), and emphasized the "contract principles" that underlie them, *Anderson*, 269 N.E.3d at 821. A sentence imposed following a plea agreement, along with an appeal waiver insulating that sentence from review, represents the bargained-for agreement a defendant willingly accepts in exchange for concrete benefits. *Id.* at 823. For example, a defendant may bargain for a more lenient sentence or the

---

[1] *Creech v. State*, 887 N.E.2d 73 (Ind. 2008).

prosecutor's agreement to forgo seeking higher-level or a greater number of convictions. *Id.*

[6] As such, where a valid and enforceable appeal waiver is present, a defendant's right to appeal his sentence must yield to the "text and scope of the waiver." *Anderson*, 269 N.E.3d at 821. The lone exception is "where the sentence imposed is contrary to law and the Defendant did not bargain for the sentence." *Id*. (quoting *Davis*, 217 N.E.3d at 1236 n.3). "[A] sentence is 'illegal' only if it is outside the prescribed statutory range or is unconstitutional." *Id*. at 822. And not just any "alleged constitutional defect" will "suffice to avoid" an appeal waiver. *Id.* at 823.

[7] Vaughn challenges two aspects of his sentence. First, Vaughn argues that his firearm enhancement violates the protections against double jeopardy. Second, Vaughn argues that his 40-year sentence is unconstitutionally disproportionate to the nature of the offense. We address each challenge in turn.

### a. Firearm Enhancement

[8] Vaughn argues that despite his appeal waiver, his right to challenge the firearm enhancement remains intact. Vaughn's appeal waiver provided, "I hereby waive my right to appeal my sentence . . . so long as the Judge sentences me within the terms of my plea agreement." Appellant's App. Vol. II at 60. The firearm enhancement was part of the plea agreement, so the appeal waiver clearly covers it. *See Anderson*, 269 N.E.3d at 820 (noting that an appeal waiver using similar language was "clear," "comprehensive," and "far-reaching").

[9] Vaughn argues his right to appeal the firearm enhancement is not foreclosed by the appeal waiver because the enhancement amounts to an "unconstitutional" imposition of "double jeopardy." Appellant's Br. at 15. Vaughn's firearm enhancement, however, does not present a constitutional double jeopardy issue.

[10] The term "double jeopardy" encapsulates two related but distinct doctrines. *A.W. v. State*, 229 N.E.3d 1060, 1065 (Ind. 2024). Procedural double jeopardy "bars successive prosecutions for the same offense," whereas substantive double jeopardy "refers to claims related to multiple convictions for the same offense in a single proceeding." *Id*. at 1066 (citing *Wadle v. State*, 151 N.E.3d 227, 246–47 (Ind. 2020)). Because Vaughn's firearm enhancement and his underlying robbery conviction were imposed during the same proceeding, he is essentially making a substantive double jeopardy argument. Under Indiana law, substantive double jeopardy is not governed by the Indiana Constitution. *A.W.*, 229 N.E.3d at 1065–66. Substantive double jeopardy is instead governed by "statutory rules." *Wadle*, 151 N.E.3d at 236.

[11] Vaughn makes no separate double jeopardy argument regarding the Double Jeopardy Clause of the United States Constitution.[2] Vaughn thus does not

---

[2] Any challenge under the federal Double Jeopardy Clause is thus waived. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring cogent reasoning for arguments presented); *Miller v. Patel*, 212 N.E.3d 639, 657 (Ind. 2023) (quoting *Dridi v. Cole Kline LLC*, 172 N.E.3d 361, 364 (Ind. Ct. App. 2021), *trans. not sought*) (holding appellate courts will not make arguments on behalf of litigants).

present a constitutional issue that would permit review of the firearm enhancement.

[12] Moreover, Vaughn expressly agreed to the firearm enhancement in his plea agreement. The exceptions to the appeal waiver rule explained in *Anderson* were geared toward preventing "unbargained-for" illegalities, not terms to which the defendant specifically agreed. *Anderson*, 269 N.E.3d at 818; *see also Crider v. State*, 984 N.E.2d 618, 619 (Ind. 2013) ("[T]he waiver of the right to appeal contained in a plea agreement is unenforceable where the sentence imposed is contrary to law and the Defendant did not bargain for the sentence."). Vaughn's challenge to the firearm enhancement is therefore waived.

### b. *Disproportionate Sentence*

[13] Vaughn also argues that his 40-year sentence is disproportionate to the nature of the offense in violation of Article 1, Section 16 of the Indiana Constitution. Vaughn does not explain the reason he believes his sentence remains reviewable on these grounds despite his appeal waiver, though presumably it is because proportionality is a constitutional issue.

[14] The Indiana Supreme Court's decision in *Anderson*, 269 N.E.3d 817, leads us to conclude that Vaughn's proportionality challenge, though constitutional in nature, is not one of the limited constitutional challenges that permit piercing an appeal waiver. In *Anderson*, the defendant signed a plea agreement containing a "comprehensive" appeal waiver that barred appellate review of

"any sentence imposed by the Court" so long as it was "within the terms" of the plea agreement. 269 N.E.3d at 820. The defendant thereafter was sentenced to a term within the range provided under the plea agreement. *Id.* at 819. After this sentence was imposed, the defendant appealed, arguing that her sentence was "unconstitutional" due to "due process concerns in the sentencing procedure," namely the trial court's reliance on "improper factors" and failure to consider a mitigating factor. *Id.* at 823–24.

[15] The court held that this argument did not "suffice to avoid" the appeal waiver, noting "there is no general constitutional-argument exception to waivers in plea agreements." *Anderson*, 269 N.E.3d at 823 (quoting *United States v. Adkins*, 743 F.3d 176, 193 (7th Cir. 2014)). The court explained that "[s]ome constitutional arguments, however, likely would circumvent an otherwise valid appeal waiver." *Anderson*, 269 N.E.3d at 823. It gave as an example a challenge to "a sentence based on constitutionally impermissible criteria, such as race or the deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans)." *Id.* (quoting *Adkins*, 743 F.3d at 192–93). The court concluded by emphasizing the "mutuality of benefits" represented by a plea agreement, which merited "limiting when courts will find that policy reasons warrant ignoring such agreements." *Id.* Both defendants and the State "would be deprived of the benefit of their bargain" if appeal waivers could be "circumvented merely by claiming the trial judge improperly weighed or considered aggravators and mitigators." *Id.*

Here, Vaughn's appeal waiver was similarly comprehensive, waiving review of any sentence "within the terms of [his] plea agreement." Appellant's App. Vol. II at 60. Vaughn's 35-year executed sentence was below the maximum range to which he agreed in the plea agreement. And Vaughn does not contend that his sentence was based on any unconstitutional "impermissible criteria." *See Anderson*, 269 N.E.3d at 823 (*Adkins*, 743 F.3d at 192). Rather, his proportionality challenge is merely an attack on the length of his sentence, which was within the statutory range for the offense he committed and within the sentencing range to which he agreed. To permit such a challenge to Vaughn's sentence would undermine the parties' agreement and deprive them of the "benefit of their bargain." *Id.* at 823.

Because Vaughn's proportionality challenge is not a sufficient argument to permit piercing his appeal waiver, his challenge to the proportionality of his sentence is waived. As Vaughn's firearm enhancement challenge is similarly waived, his appeal must be dismissed.

Dismissed.

Tavitas, C.J., and Bradford, J., concur.

ATTORNEY FOR APPELLANT

A. Robert Masters
St. Joseph County Deputy Public Defender
Nemeth, Feeney, Masters & Campiti, P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana